The Honorable W.R. "Bud" Harper, Director Arkansas Department of Emergency Management P.O. Box 758 Conway, AR 72033-0758
Dear Director Harper:
I am writing in response to your request for my opinion on the following questions:
 1. Under the codes of Arkansas, does the Arkansas Fire Advisory Board (ACA 20-22-1005) have the power to change or add to the training requirements for the certification of fire fighters under "Act 833" (ACA 14-284-401—411)?
 2. Under the codes of Arkansas, does the Arkansas Fire Protection Board (ACA 20-22-803—804) still exist or was it abolished when the Arkansas Fire Advisory Board (ACA 20-22-1005) was formed?
RESPONSE
Logic dictates that I answer both of your questions together, since determining the authority of the Arkansas Fire Advisory Board will depend in part on determining whether the Board has assumed by merger the powers of a now dissolved Arkansas Fire Protection Board. As discussed below, I believe there has been no "merger" in the sense that only one of the two boards survives. Moreover, I believe only the Arkansas Fire Protection Board has the statutory power to dictate training requirements for firefighters.
Subsection 20-22-1005(a) of the Arkansas Code establishes the Arkansas Fire Advisory Board, which consists of thirteen members, nine of whom comprise the entire Fire Protection Services Board. The remaining subsections of the statute provide as follows:
 (b) The advisory board shall advise the Director of the Arkansas Department of Emergency Management and the Director of the Office of Fire Protection Services on matters concerning the training, certification, and standards related to fire services in the State of Arkansas and advise the Office of Fire Protection Services in the development and formulation of the Arkansas Fire Protection Services Resources Plan.
 (c) The advisory board shall periodically review and evaluate current and proposed national and international activities related to the improvement and upgrading of fire services to ensure that the state maintains the maximum possible standards of fire protection for its citizens and standards for training its firefighters.
As acknowledged at A.C.A. § 20-22-1005(a)(1), the Fire Protection Services Board was created pursuant to A.C.A. § 20-22-803. The Board is charged with the following duties:
 (1) Prescribe by regulation minimum standards for the certification of fire departments and standards for the classification of fire departments as to their level of service including, but not limited to, standards for training levels for fire fighters of fire departments, minimum levels of equipment, and minimum performance standards;
 (2) Establish a system of identification for fire fighters of certified fire departments for the purpose of assisting fire fighters to carry out their duties;
 (3) Assist fire departments with training programs and assist with the establishment and upgrading of fire departments;
 (4) Promote the exchange of information among fire departments and state agencies;
 (5) Serve in an advisory capacity to the Director of the Arkansas Department of Emergency Management with respect to the operation of the Office of Fire Protection Services; and
 (6) Establish such other reasonable rules and regulations as may be necessary for the purposes of this subchapter.
A.C.A. § 20-22-804. Act 833 of 1991, codified at A.C.A. §§ 14-284-401
through -411, generally provides for the apportionment among the various counties, for distribution to certified fire departments, of premium tax moneys assessed for distribution from the Fire Protection Premium Tax Fund administered by the Department of Finance and Administration. Section 14-284-410 of the Code provides:
 No fire department shall receive funds under this subchapter after January 1, 1998, unless the fire department is certified by the Arkansas Fire Protection Services Board.
The date recited in this statute was included by amendment in Act 1112 of 1995 — two years after the creation of the Arkansas Fire Advisory Board.See Act 1303 of 1993. This timing is significant because it reflects the legislature's apparent conviction that the Arkansas Fire Protection Services Board continued to exist after the creation of the Arkansas Fire Advisory Board, notwithstanding the fact that the legislation creating the latter board contained the following provision:
 There shall be established by this act the Arkansas Fire Advisory Board, which shall be merged with the existing Fire Protection Services Board created in Act 837 of 1987, Arkansas Code § 20-22-803.
Act 1303 of 1993, § 5(a).[1]
Both of your questions appear to be prompted by what I consider an understandable confusion in the face of the recited legislation. The uncodified "merger" referenced in Act 1303 of 1993 appears to be belied not only by the 1995 amendment to A.C.A. § 14-284-410, which expressly provided that the Arkansas Fire Protection Services Board would continue to certify fire departments, but further by Act No. 250 of 1997, which rewrote the provisions of A.C.A. § 20-22-803(d) concerning expense reimbursement for Arkansas Fire Protection Services Board members, and by Act 646 of 1999, which substituted "Arkansas Department of Emergency Services" for "Office of Emergency Services" as the agency to which the Fire Protection Services Board would report pursuant to A.C.A. §§20-22-805 and 20-22-1006.
Even assuming the passing reference to "merger" in Act 1303 of 1993 might be interpreted as abolishing the Arkansas Fire Protection Services Board, the legislation is at the very least ambiguous. As the Arkansas Supreme Court noted in ACW, Inc. v. Weiss, 329 Ark. 302, 313,947 S.W.2d 770 (1997):
 When a statute is ambiguous, we must give effect to the legislative intent. Omega Tube Conduit Corp. v. Maples, 312 Ark. 489, 850 S.W.2d 317 (1993). . . . To determine legislative intent, this court looks to such appropriate matters as the legislative history, the language, and the subject matter involved. Id. at 495, 850 S.W.2d at 320.
In my opinion, the legislative history relating to the Arkansas Fire Protection Services Board strongly indicates that the legislature intended the term "merged" in Act 1303 of 1993 not to signal the abolition of the Board but merely to acknowledge that its entire membership would also serve on the larger Arkansas Fire Advisory Board.
With regard to the respective powers of these boards to alter the requirements for the certification of firefighters, I am struck by the fact that the above quoted A.C.A. §§ 20-22-1005(b) and (c) afford the Arkansas Fire Advisory Board nothing more than advisory powers, as the Board's name itself reflects. Significantly, the Board is charged with advising, among others, the Director of the Office of Fire Protection Services, A.C.A. § 20-22-1005(b) — an official whose primary responsibility is "to carry out the administrative functions and directives of the Arkansas Fire Protection Services Board." A.C.A. §20-22-805(b). It defies logic to suggest that the creation of the Arkansas Fire Advisory Board terminated the existence of another board that the Arkansas Fire Advisory Board was created to advise. Specifically with respect to the training of firefighters, A.C.A. § 20-22-804(1) unambiguously charges the Arkansas Fire Protection Services Board not only with the obligation to "[p]rescribe by regulation minimum standards for the certification of fire departments" — certification only the Director of the Office of Fire Protection Services can grant — but further to "[p]rescribe . . . standards for training levels for fire fighters of fire departments. . . ." A.C.A. § 20-22-804(1). In my opinion, then, even though the Arkansas Fire Advisory Board is charged with rendering advice" on matters concerning the training certification, and standards related to fire services in the State of Arkansas," A.C.A. § 20-22-1005(b), only the Arkansas Fire Protection Board has the ultimate power "to change or add to the training requirements" for firefighters.
In order to avoid further confusion arising from the reference to merger of these two boards in Act 1303 of 1993, § 5(a), I would advise seeking legislative clarification.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
[1] This somewhat cryptic reference to merger appears in the Code only in the Publisher's Note to A.C.A. § 22-20-1005 (Supp. 1999).